UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONALD MAC PHERSON,

                        Plaintiff,              **MEMORANDUM
AND ORDER**

      - against -

                                                     CV 05-2960 (DRH) (JO)

STATE STREET BANK AND TRUST CO.,

                        Defendant.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        Plaintiff Donald Mac Pherson ("Mac Pherson") seeks to disqualify attorney John A. DiCaro ("DiCaro") and his law firm, Shapiro & DiCaro, LLP, from representing defendant State Street Bank and Trust Company (the "Bank") in this action. In a moving display of altruism, Mac Pherson expresses the concern that his adversary should have DiCaro available as a witness to refute Mac Pherson's claims, and that DiCaro must therefore withdraw pursuant to Disciplinary Rule ("DR") 5-102 of the Code of Professional Responsibility so as to better assist his client in escaping liability. For the reasons set forth below, I now deny the application.

        An understanding of the merits of Mac Pherson's motion requires some familiarity with his underlying complaint against the Bank. That complaint begins with the less-than-promising assertion that "[t]his action arises under the Civil Rights Law, 48 [sic] U.S.C.A. [sic] 1983." Docket Entry ("DE") 1 ¶ 1; *see also id*. ¶ 26 (referring to "this action pursuant to 48 [sic] U.S.C.A. [sic] §. [sic] 1983"). As Congress has not seen fit to codify any statute using that section number within Title 48 of the United States Code ("Territories and Insular Possessions"), I assume – based on the reference to "Civil Rights Law" – that Mac Pherson actually intends to predicate his federal claim against the Bank on Section 1983 of Title 42 ("Civil action for

deprivation of rights"). I say so with some trepidation, however, as a claim under the latter statute requires some element of state action by the named defendant, *Guiducci v. Kohl's Dept. Stores*, 320 F. Supp.2d 35, 37 (E.D.N.Y. 2004),[1] and none appears to be alleged in this claim against the Bank. Nevertheless, as the Bank has admitted many of the factual assertions in Mac Pherson's complaint, *see* DE 3 (Verified Answer) ¶¶ 1-5, I can provide the following outline of the parties' dispute.

In 2000, Mac Pherson acquired some real property in Southampton, New York, secured by a mortgage on the property. The following year, the Bank commenced an action in state court to foreclose on the mortgage. In furtherance of that action, the Bank sought and obtained a court order permitting it to effect service on Mac Pherson by publication. The Bank obtained such permission in part on the strength of an affidavit by its counsel, DiCaro, who averred that "the Plaintiff has been and will be unable, with due diligence to serve Donald Mac Pherson personally." In fact, DiCaro had available to him both a process server's report listing addresses for several persons sharing the plaintiff's name and additional information in his file that had an address for the plaintiff that matched the address for one of the Donald Mac Phersons listed in the process server's report. *See* DE 1 ¶¶ 5-10, DE 3 ¶¶ 1-5.

The Bank thereafter obtained a judgment of foreclosure and sale of the Southampton property. Mac Pherson's attempts to vacate and appeal that judgment were unsuccessful. In rejecting Mac Pherson's challenge to the propriety of service by publication, the state appellate court agreed with the Bank that the failure to determine that the address on the deed in DiCaro's

---

[1] In light of his role in *Guiducci*, *see id*. at 35, the apparent unfamiliarity of plaintiff's counsel with the rule announced in that case is, to say the least, surprising.

file "was the same as one of the addresses on more than three pages of addresses received by on-line searches was merely an oversight and did not rise to a level of lack of diligence or fallacious assertion ...." DE 1 ¶ 18.

Mac Pherson thus complains that the Bank contrived to obtain permission to employ service by publication on the basis of a statement by DiCaro that was false. Seeking to fit that square peg into the round hole of a Section 1983 claim, Mac Pherson asserts that the Bank deprived him of his constitutional right to sufficient notice of the foreclosure action by making an improper use of the state procedural law that permits service by publication.[2] It is in the context of this claim that Mac Pherson objects to DiCaro's continued service as the Bank's counsel. Invoking DR 5-102, Mac Pherson argues that DiCaro should be available as the Bank's witness and must therefore be disqualified if he will not withdraw.

As a threshold matter, the parties disagree as to whether the disciplinary rule in enforceable in this federal proceeding. I will assume that it is for purposes of discussion. As explained below, that assumption is of little use to Mac Pherson, as the standard for disqualification is exacting:

> The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 71 (2d Cir.1990) (citations omitted); "Disqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary." *S & S Hotel Ventures Limited Partnership v. 777 S.H. Corp.*, 515 N.Y.S.2d 735, 739 (Ct. App. 1987) (citing *Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir.1975)).

*Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994).

---

[2] Mac Pherson's complaint also alleges a claim under state law based on essentially the same factual allegations.

Applying that standard, I exercise my discretion to deny Mac Pherson's motion. The parties have no dispute about what DiCaro said in his affidavit to the state court, nor is there any dispute about either the information on which he purported to rely in claiming that personal service would be impractical or the additional information available to him in his file at the time that suggested otherwise. It is therefore difficult to see what purpose DiCaro's appearance as a witness would serve that the Bank could not achieve without him. In this regard, I note that Mac Pherson does *not* assert that DiCaro should be a witness for the plaintiff; to the contrary, he argues that "DiCaro is an indispensable witness to the defense of this action ...." DE 15 at 6. DiCaro is not indispensable as a witness, his testimony is not "necessary" to the Bank or anyone else, and the Bank is in any event content to defend itself without DiCaro's testimony. Disqualification is therefore not required.

For the reasons set forth above, plaintiff Mac Pherson's motion to disqualify counsel for the defendant Bank is denied.

**SO ORDERED.**

Dated: Central Islip, New York
December 30, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge