```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD MAC PHERSON,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
       - against -                            05 Civ. 2960 (DRH) (JO)

STATE STREET BANK AND TRUST
COMPANY, as Trustee

                    Defendant.
----------------------------------X
```

**APPEARANCES :**

**IRWIN POPKIN, ESQ.**
Attorney for Plaintiff
1138 William Floyd Parkway
Shirley, New York 11967

**SHAPIRO & DiCARO, LLP**
Attorneys for Defendant
250 Mile Crossing Boulevard, Suite One
Rochester, New York 14624
By: Robert S. Leni, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Donald Mac Pherson ("Plaintiff" or "Mac Pherson") brought the present suit after the foreclosure of his property by Defendant State Street Bank and Trust Company ("Defendant" or "State Street"), asserting that he was not served with proper notice prior to the foreclosure and, thereby, was deprived of his Fourteenth Amendment right to Due Process. By Memorandum and Order, dated September 20, 2006, the Court granted Defendant's motion for judgment on the pleadings on the grounds that (1) as to certain of Plaintiff's claims, this Court lacks subject matter jurisdiction according to the *Rooker-Feldman* doctrine, which proscribes federal district courts from hearing cases that that amount to appeals of state court proceedings,

and (2) the remaining claim was barred under the doctrine of *res judicata*. Presently before the Court is Plaintiff's motion for reconsideration of the September 20, 2006 Memorandum and Order. For the reasons set forth herein, the Court denies Plaintiff's motion.

## *Background*

A full recitation of the facts of this matter is contained in the Court's September 20, 2006 Memorandum and Order (the "Decision"), familiarity with which is presumed. A brief summary of the facts is as follows:

By deed dated May 1, 2000 a certain piece of property in Southampton, New York was conveyed to the Plaintiff. At the time of that conveyance the property was subject to a mortgage in favor of Defendant. Due to a default in the mortgage, Defendant commenced a foreclosure action in Suffolk County Supreme Court. As a result of Defendant's counsel's representations to that court that it was unable to serve Plaintiff, the Suffolk County Court granted a request for service via publication. Plaintiff claims that the counsel misrepresented his effort to the court because he resides at the address shown on the deed conveying to him the property being foreclosed upon. On June 19, 2003, a judgment of foreclosure and sale was entered.

Thereafter, on February 24, 2004 Plaintiff moved via order to show cause to vacate the judgment of foreclosure on the grounds the court lacked personal jurisdiction over him due to lack of proper notice. The motion was denied without prejudice to Plaintiff's right to redeem the property by payment of the amount due by May 1, 2004. On May 12, 2004, the foreclosure referee conveyed the property to Defendant. Prior to that conveyance Plaintiff filed a notice of appeal to the Appellate Division , Second Department arguing that Defendant's foreclosure counsel had misrepresented the diligence of his efforts and that the determination to allow service by publication did not "satisfy 'due process,'" citing to *Mullane v. Central Hanover*

*Trust Co.,* 339 U.S. 306 (1950). The Appellate Division affirmed the lower court decision. By decision and Order dated June 7, 2005, the New York Court of Appeals dismissed Plaintiff's motion for leave to appeal on the grounds that the order from which Plaintiff was appealing did not finally determine the action within the meaning of the New York State Constitution.

Plaintiff subsequently commenced the instant action asserting three claims. Count One was brought pursuant to 42 U.S.C. § 1983 and alleges that service by publication alone is constitutionally defective. Count Two alleges Defendant's actions were deceptive business practices in violation of New York General Business Law § 349. Count Three seeks a declaration that Plaintiff has title and is entitled to possession of the foreclosed property.

In the Decision granting the Defendant's motion, this Court first examined the applicability of *Rooker-Feldman* using the four factors enunciated in the Second Circuit's decision in *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir. 2005). As set forth in *Hoblock,* a case is barred by *Rooker-Feldman* if (1) the federal district court plaintiff lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite federal district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the federal district court proceedings commenced. 422 F. 3d at 85. This Court easily found that factors one, three and four were met. Factor two required more elaboration because the alleged cause of plaintiff's injury was "regrettably vague." Decision at 8.

As set forth in the Decision, Plaintiff variously contended three causes of due process injury: the state court's opinion, the state court's application of an unconstitutional statute, and defendant's foreclosure counsel's misrepresentations to the state trial court. *See* Decision at 8. The Court proceeded to thoroughly examine each alleged cause. The Court concluded that to the

extent the cause of the injury was the state court's opinion or the application of an unconstitutional statute, it lacked jurisdiction under *Rooker-Feldman*.

Turning then to the third alleged cause – Defendant's misrepresentations – the Court concluded that it had jurisdiction over that claim. Nonetheless, the claim was dismissed pursuant to the principles of *res judicata.*

In his motion for reconsideration, Plaintiff makes the following arguments: (1) he was denied a full and fair opportunity to litigate his due process claim because the New York Court of Appeals did not have jurisdiction to hear his claim; (2) his § 1983 claim is an independent claim not precluded by *Rooker-Feldman* or preclusion principles because he did not have an opportunity to raise the claim in the state court action and his "§ 1983 damages relate to the continuing trespass upon the subject premises after the Appellate Division determination"; (3) neither the Appellate Division's decision nor that of the trial court "were well reasoned decision" and the Appellate Division decision was not subject to appeal.

*Discussion*

I. **Applicable Legal Standard**

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if

considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

## II.     *The Motion for Reconsideration is Denied*

Mac Pherson presents no new matters that the Court overlooked in granting the Defendant's motion. All of Plaintiff's arguments were presented to the Court in the underlying motion papers and were addressed in the September 20, 2006 Memorandum and Order. It is well-established that a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *see also Pannonia Farms, Inc. v. USA Cable,* No. 03 Civ. 7841, 2004 WL 1794504 (S.D.N.Y. Aug. 10, 2004), at *2 (noting that reconsideration is not an opportunity to take "a 'second bite at the apple' for a party dissatisfied with a court's ruling."). Because Mac Pherson has not pointed to "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, reconsideration is denied.

Moreover, the Court notes that, after this Court issued its September 20, 2006 Memorandum and Order, the Second Circuit affirmed *Garvin v. Bank of New York,* 2005 WL

1377953 (E.D.N.Y. 2005), *aff'd*, 227 Fed. Appx. 7 (2d Cir. 2007), a case similar to the one at bar. In *Garvin*, the district court dismissed the complaint, pursuant to *Rooker-Feldman,* as it sought to invalidate a state court foreclosure judgment. 2005 WL 1377953 at *2-3. In affirming the dismissal, the Second Circuit noted that merely because the *Garvin* plaintiff alleged a violation of her constitutional rights did not change the fact that the district court lacked jurisdiction under *Rooker-Feldman*. 227 Fed. Appx. at 8 (citing *D.C. Ct. App. v. Feldman,* 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . .over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").) *Garvin* renders Mac Pherson's argument that his "equal protection claims result from circumstances which have occurred as a result of the Appellate Division's determination," (Reply Mem. at 5.) of no avail. Mac Pherson is simply complaining of an injury caused by the state court order.

Similarly, Mac Pherson's argument that he did not have a fair and full opportunity to litigate his claims because the Appellate Division decision was not subject to appeal and the New York Court of Appeal could not hear his claims is of no avail. *Cf. Edem v. Spitzer*, 204 Fed. Appx. 95 (2d Cir. 2006) (noting that, although an immediate appeal was not available, plaintiff had the right to appeal final order suggesting that her due process claims were frivolous). Mac Pherson had the right to appeal the lower court's order to the Appellate Division. That a second level of appeal was not immediately available is of no moment. Rather his arguments merely serve to underscore that his constitutional claims "are, in fact, inextricably intertwined with the state court's judgment, and thus, outside our subject matter jurisdiction." *Id.* at 97.

## CONCLUSION

Having considered all of Plaintiff's arguments, the motion for reconsideration is denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.
November 6, 2006

/s/
Denis R. Hurley,
United States Senior District Judge